


# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Tom L. Beauchamp
Secretary of State
Austin, Texas

Dear Sir:                     Attention:   Claude A. Williams

                              Opinion No. 0-977
                              Re:  Is the C. T. Corporation
                                   System, under its provi-
                                   sion clause, authorized
                                   to render the services
                                   outlined?  And related
                                   questions.

        Your request for an opinion on the questions as are
herein set out has been received by this office.

        Your letter reads in part as follows:

            "C T Corporation System, a Delaware cor-
        poration, has a permit to do business in the
        State of Texas, which permit was granted on
        the 11th day of January, 1937, and permits
        said corporation to conduct or transact the
        following business:

            "'To act as agent for the performance of
        any lawful act such as to assist members of the
        bar in organization, reorganization, qualifica-
        tion and representation of corporations includ-
        ing notification service and generally acting
        in a statutory capacity for corporations.'

            "The C T Corporation System daily presents
        to this office through the United States mails
        applications, together with all accompanying
        papers, of foreign corporations to do business
        in the State of Texas.  Accompanying the appli-
        cations and the supporting papers is a letter
        from the C T Corporation System advising this

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

office that 'at the instance and request of
the law firm of Doe and Roe of Blank City,
U. S. A., the following papers are presented
to your office.'

"The writer is of the opinion that the
C T Corporation System seeks to conduct this
business under Article 1302, Section 49, which
provides as follows:

"'For any one or more of the following
purposes: To accumulate and lend money, pur-
chase, sell and deal in notes, bonds and
securities, but without banking and discount-
ing privileges; to act as trustee under any
lawful express trust committed to them by
contract and as agent for the performance of
any lawful act.'

"Article 1524a provides that corporations
organized under Section 49 shall be subject to
certain regulations which are contained in
Section 1 to 10, inclusive, of said Article
1524a. The C T Corporation System has com-
plied with all the requirements set forth in
said Article.

"This office has had presented to it an
application for charter for a domestic corpo-
ration which states that the purpose for which
said proposed corporation is formed is 'to act
as agent for the performance of any lawful act
such as to assist members of the bar in organi-
zation, reorganization, qualification and repre-
sentation of corporations including notification
service and generally acting in a statutory
capacity for corporations'. You will note that
this is the identical language used to grant the
C T Corporation System its permit to do business
in the State of Texas.

"The following questions present themselves
and this Department wishes to request an opin-
ion from you on them:

"(1)  Is the C T Corporation System, under its purpose clause, authorized to render the services outlined above?

"(2)  Does the drawing and filing of applications for permits to do business in Texas on behalf of foreign corporations, at the instance and request of members of the Bar of foreign states, constitute the practice of law?

"(3)  If you have stated that it does constitute the practice of law, is such practice of law unlawful and in violation of Article 430a of the Penal Code of Texas?

"(4)  Would this office be authorized to grant a charter to a domestic corporation having the above referred to purpose clause?

"(5)  If you have answered that this office would be authorized to grant a charter to said corporation, would it be authorized to render the same services for attorneys as the C T Corporation System is now rendering without being in violation of Article 430a of the Penal Code?

"(6)  Would said domestic corporation be authorized to prepare and file applications for permits to do business in the State of Texas for corporations, and if it would be so authorized, would the rendering of said service be in violation of Article 430a of the Penal Code?"

Article 430a of the Penal Code reads as follows:

"SEC. 1.  It shall be unlawful for any corporation or any person, firm, or association of persons, except natural persons who are members of the Bar regularly admitted and licensed, to practice law.

"SEC. 2.  For the purpose of this Act, the practice of law is defined as follows:  Whoever (a) In a representative capacity appears as an advocate or draws papers, pleadings, or documents,

Honorable Tom L. Beauchamp, Page 4

or performs any act in connection with proceedings pending or prospective before a court or a justice of the peace, or a body, board, committee, commission or officer constituted by law and having authority to take evidence in or settle or determine controversies in the exercise of the judicial power of the State or subdivision thereof; or, (b) For a consideration, reward or pecuniary benefit, present or anticipated, direct, or indirect, advises or counsels another as to secular law, or draws a paper, document or instrument affecting or relating to secular rights; or, (c) For a consideration, reward, or pecuniary benefit, present or anticipated, direct or indirect, does any act in a representative capacity in behalf of another tending to obtain or secure. for such other the prevention or the redress of a wrong or the enforcement or establishment of a right; or, (d) For a consideration, direct or indirect, gives an opinion as to the validity of the title to real or personal property, or (e) As a vocation, enforces, secures, settles, adjusts or compromises defaulted, controverted or disputed accounts, claims or demands between persons with neither of whom he is in privity or in the relation of employer and employee in the ordinary sense; is practicing law. Nothing in this section shall be construed to prohibit any person, firm, association or corporation, out of court, from attending to and caring for his or its own business, claims or demands, or the claims, demands or traffic business of said corporation or of the individual members of said corporations or associations; nor from preparing abstracts of title, certifying, guaranteeing or insuring titles to property, real or personal, or an interest therein, or a lien or encumbrance thereon, nor shall anything in this section be construed as prohibiting any bank or trust company without resorting to court action from acting for its customer in enforcing, securing, settling or adjusting any item mentioned in subdivision (e) above,



nor sh ll anything in this section prohibit any person or association of persons from pursuing as a vocation the business of adjusting insurance or freight rate claims; provided further that nothing in this Act shall prohibit any person or association of persons from appearing before any Board, Commission or Administrative body in connection with their vocation of adjusting Insurance or Freight Rate claims; provided that subdivision (e) hereof shall not prohibit any individual, company, corporation or association, owning, operating, managing or controlling any collecting agency, commercial agency, or commercial reporting credit agency within this State, subject to an occupation tax under Article 7061, Chapter 2, Title 122, Revised Civil Statutes 1925, of Texas, from furnishing reports and collecting, securing, settling, adjusting or compromising, out of court, defaulted, controverted or disputed accounts or claims growing out of contractual relations, provided that said individual, company, corporation, or association complies with the above statute; and provided further that nothing in this Act shall be construed as prohibiting real estate agents from collecting rents for their employers; provided that nothing herein shall prevent Notaries Public from drawing conveyances for or without compensation.

"SEC. 3. It shall be unlawful for any corporation to practice law as defined by this Act or to appear as an attorney for any person other than itself in any court in this State, or before any judicial body or any board or commission of the State of Texas; or hold itself out to the public or advertise as being entitled to practice law; and no corporation shall prepare corporate charters or amendments thereto, or other legal documents not relating to its authorized business, or draw wills; or hold itself out in any manner directly or indirectly as being entitled to do any of the foregoing acts; provided, that the foregoing shall not prevent a corporation, person or association of persons from



employing an attorney or other agent or repre-
sentative in regard to its own affairs in any
hearing or investigation before any adminis-
trative official or body.

"Provided, further, that the above provi-
sions of this Act shall not be construed to
prohibit a person or corporation acting in a
fiduciary capacity from transacting the neces-
sary clerical business incidental to the
routine or usual administration of estates,
trusts, guardianships, or other similar fidu-
ciary capacities, or filing accounts, prepar-
ing and filing tax returns of every nature,
and other such administrative acts, nor from
participating through his or its own agent
or attorney, in cooperation with testator's
attorney, in the preparation of testator's
will, where no compensation is charged for
such service and no compensation whatever is
charged or received, other than the usual
commission allowed by the court for adminis-
tering the estate or trust, or provided for
by the instrument creating the trust or other
fiduciary relationship.

"And provided, further, that nothing here-
in shall prohibit any insurance company from
causing to be defended, or prosecuted, or from
offering to cause to be defended, through law-
yers of its own selection, the insureds or
assureds in policies issued or to be issued by
it, in accordance with the terms of such poli-
cies; and shall not prohibit one such licensed
attorney at law from acting for several common
carriers or other corporations and associations
or any of its subsidiaries pursuant to arrange-
ment between said corporations or associations.

"SEC. 4. It shall be unlawful for any at-
torney at law to share any fee or fees earned
or received by him for legal services with any
person or firm, not a licensed attorney or at-
torneys, or with any association or corporation.

"SEC. 5. The county attorney and/or District Attorney and/or Criminal District Attorney of any county in Texas shall on his own initiative or upon the application of any Bar Association in the State of Texas bring such action in the name of the State of Texas in the proper court to enjoin any such person, corporation, or association of persons from violating any of the provisions of this Act, and it shall be the duty of the county attorneys and/or District Attorney and/or Criminal District Attorney of this State to file complaints in the proper court against any person, corporation, or association of persons upon the receipt of information of the violation of any of the provisions of this Act.

"SEC. 6. Any person, firm, corporation, or association of persons violating any of the provisions of this Act shall be guilty or a misdemeanor. If any provision of this Act is violated by any person individually or by any person or persons representing a corporation, or association, or by a corporation, the defendant or defendants upon conviction shall be punished by a fine of not more than Five Hundred ($500.00) Dollars nor less than One Hundred ($100.00) Dollars.

"SEC. 7. Any agreement by any person, corporation, or association in violation of this Act shall be illegal and such person, corporation, or association shall not be able to recover for any services rendered in violation of this Act, either on the contract or a quasi-contractual obligation. If any person, corporation, or association of persons shall, by any act or omission in violation of this Act, cause any loss, damage, or injury to any person, corporation or association of persons, such person, corporation, or association of persons, shall be liable in actual damages therefor to any person, corporation, or association of persons who sustained any such loss, damage or injury; and such liability shall be absolute and not dependent upon any question or showing of want of skill, care or diligence.

Honorable Tom L. Beauchamp, Page 8

"SEC. 8. All laws and parts of laws in-
consistent herewith are hereby repealed, and
in case any section, subdivision, paragraph,
or sentence of this Act is declared unconsti-
tutional the validity of the rest of this Act
shall not be affected thereby."

Sections 48, 49, and 50 of Article 1302, Revised
Civil Statutes, read as follows:

"48. To accumulate and lend money with-
out banking or discounting privileges.

"49. For any one or more of the follow-
ing purposes: To accumulate and lend money,
purchase, sell and deal in notes, bonds and
securities, but without banking and discount-
ing privileges; to act as trustee under any
lawful express trust committed to them by
contract and as agent for the performance of
any lawful act.

"50. To subscribe for, purchase, invest
in, hold, own, assign, pledge and otherwise
deal in and dispose of shares of capital
stock, bonds, mortgages, debentures, notes and
other securities, obligations, contracts and
evidences of indebtedness of foreign or domes-
tic corporations not competing with each other
in the same line of business; provided the
powers and authority herein conferred shall
in no way affect any provision of the anti-
trust laws of th's State."

Article 1524a, Revised Civil Statutes, embraces corpo-
rations heretofore created and hereafter created having for their
purpose or purposes any or all the powers now authorized in sub-
divisions of 48, 49, or 50 of Article 1302, Revised Civil Stat-
utes of Texas, 1925, and heretofore or hereafter are created
having in whole or in part any purpose or purposes now author-
ized in Chapter 275, Senate Bill No. 232 of the General and
Special Laws of the Regular Session of the 40th Legislature.

In the case of In re Brainard, 29 Pac. Rep. (2) 769,



where a former probate judge who, for compensation, without being admitted to practice law and without paying license fees, advised persons in probate matters and prepared and filed papers in connection therewith, and who prepared articles of incorporation for corporate organizers, which work was necessary to clear titles in loan transactions, the Supreme Court of Idaho held that the former judge was engaged in the practice of law rendering him guilty of contempt of the Supreme Court of Idaho although he did not sign the papers and pleadings as attorney, and he did not accept legal employment except from persons who had already enlisted his services in business matters connected with loans.

The Supreme Court of the State of New York in the case of In re Pace, 156 N. Y. Sup. 641, held in effect that where a corporation, known as the Corporation Company of Delaware maintained an office in New York City and distributed circulars to attorneys at law, offering either to incorporate companies under the laws of Delaware or to furnish all the necessary forms, etc., for the attorneys to do so themselves, and thereafter through such corporation New York attorneys, who acted as forwarders to the home office in Delaware, incorporated three companies. The corporation was guilty of a violation of the Penal Law prohibiting the practice of law by corporations since the practice of law is not limited to appearing in court, or advising and assisting in the conduct of litigations, but embraces the preparation of pleadings and all other papers incident to actions and special proceedings, conveyances, the preparation of legal instruments of all kinds, and the giving of all legal advice to clients, and actions taken for them in matters connected with the law, including the preparation of papers requisite for the incorporation of the company and the incidental advice necessarily given in connection therewith.

We do not find any Texas decisions construing Section 3 of Article 430a quoted above. We quote from opinion No. O-647 written May 5, 1939, by Honorable James P. Hart, Assistant Attorney General, which construes Section 3 of Article 430a as follows:

"The question remains as to what was the intention of the Legislature in providing in Section 3 that 'it shall be unlawful for any corporation to practice law as defined by this



Act or to appear as an attorney for any person <u>other than itself. . .</u>' It is our opinion that the words 'other than itself' were used so as to make it plain that a corporation is not prevented from hiring a regular staff of lawyers to appear and represent it in court. In a sense, such action by the corporation might be construed to constitute the indirect practice of the law by the corporation for itself, but such action is not illegal because the corporation by so doing is securing legal representation for itself and not for other persons. We believe that the Legislature had in mind certain cases wherein it has been held that a corporation is indirectly practicing law where it, in effect, hires a staff of lawyers and furnishes legal representation to other persons. See In re Maclub of America, (Mass.) 3 N. E. (2) 272, 105 A. L. R. 1360; People v. Motorists Association of Illinois, 354 Ill. 595, 186 N. E. 827; United States Title Guaranty Company v. Brown, 217 N. Y. 628, 111 N. E. 828. We think that the Legislature intended, by using the words 'other than itself,' to make it plain that a corporation can hire a regular legal staff to represent it, but that the Legislature did not intend to confer on corporations the right to be represented except by agents or attorneys who have been duly licensed to practice law."

We do not believe that the C T Corporation System or the proposed corporation mentioned in your inquiry under their purpose clauses are authorized to render the services outlined above.

In view of the foregoing authorities you are respectfully advised that it is the opinion of this Department that your questions should be answered as follows:

(1)  No.

(2)  Yes.

(3)  Yes.

(4) No.

As we have answered your fourth question in the negative it is not necessary to answer questions Nos. 5 and 6.

Trusting that the foregoing answers your inquiry, we remain

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Ardell Williams*

Ardell Williams
Assistant

APPROVED JUL 14, 1939

FIRST ASSISTANT
ATTORNEY GENERAL

APPROVED
OPINION
COMMITTEE
BY *W R K*
CHAIRMAN